USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
JOSHUA LINER,                                                :
                                                             :
                            Petitioner,                      :
                                                             :        08 Civ. 5886 (GEL)
               -v.-                                          :
                                                             :              **ORDER**
DALE ARTUS, SUPERINTENDENT and                               :
BRIAN FISHER, CORR. COMM.,                                   :
                                                             :
                            Respondents.                     :
                                                             :
-------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      On December 19, 2008, petitioner Joshua Liner filed a motion to set aside the judgment rendered on December 5, 2008, as well as a motion for appointment of counsel. Although petitioner's application appeared on the public docket on February 26, 2009 (Doc. #15), a copy of the motion was only just received in chambers.

      Petitioner's motions will be denied. Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. Reconsideration is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." In re Salomon Winstar Litig., No. 02 Civ. 6171, 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006). Liner's motion presents no grounds which suggest reconsideration would be appropriate.

      Petitioner also seeks appointment of counsel. Under 18 U.S.C. § 3006A(a)(2), a petitioner for habeas corpus is not entitled as of right to the appointment of counsel; however, that statute permits a federal court to appoint counsel for a financially eligible petitioner when "the interests of justice so require." 18 U.S.C. § 3006(a)(2). "In determining whether to grant discretionary appointment of counsel, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." De los Rios v. United States, No. 86 Cr. 279, 1994 WL 502635, at *6 (S.D.N.Y. Sept. 14, 1994), citing Vaughn v. United States, 647 F. Supp. 826, 827 (S.D.N.Y. 1986); Shaird v. Scully, 610 F. Supp. 442, 444 (S.D.N.Y. 1985).

      As this Court has already denied Liner's habeas petition, the "likelihood of success on the merits" weighs strongly against expending public funds on this matter. Petitioner's application for appointment of counsel pursuant to 18 U.S.C. § 3006A is therefore denied.

      The Clerk of Court is respectfully ordered to close out Doc. #15 so that Liner's appeal may

proceed.

SO ORDERED.

Dated: New York, New York
      June 29, 2009
          30,

                                                GERARD E. LYNCH
                                            United States District Judge

Copy to:
Joshua Liner
04A4086
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953